IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GRIFFIN,<br><br>      Petitioner,<br><br>    vs.<br><br>CONNIE GIPSON,[1] Warden (A), California State Prison, Corcoran<br><br>      Respondent. | No. 2:11-cv-01358-JKS<br><br>ORDER<br>[Re: Motions at Docket Nos. 21, 22] |

  At Docket No. 21 David Griffin, a state prisoner appearing *pro se*, filed a document entitled "Objection to Magistrates Report and Recommendations," and at Docket No. 22 a request to appoint counsel. The record indicates that on October 11, 2012, this Court entered its Memorandum Decision and Judgment denying Griffin's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.[2] On November 28, 2012, Griffin filed an untitled document requesting a thirty-day extension to respond.[3] Treating Griffin's untitled document at Docket No. 19 as a motion to extend the time to appeal, this Court extended Griffin's time to file a notice of appeal through December 17, 2012.[4] This Court lacks authority to further extend the time within which to appeal.[5]

  **Motion at Docket No. 21**

---

  [1] Connie Gipson, Warden (A), California State Prison, Corcoran, is substituted for G. D. Lewis, Warden, Pelican Bay State Prison. Fed. R. Civ. P. 25(d).

  [2] Docket Nos. 17, 18.

  [3] Docket No. 19.

  [4] Docket No. 20. *See* Fed. R. App. P. 4(a)(5)(C).

  [5] Fed. R. App. P. 26(b)(1).

Griffin has mistakenly construed the Memorandum Decision entered by this Court as the Report and Recommendation of a Magistrate Judge.[6] Accordingly, Griffin's "Objection to Magistrates Report and Recommendations,"[7] is inapposite. Because this court must liberally construe a prisoner's *pro se* pleadings,[8] this Court will treat Griffin's document filed at Docket No. 21 as a timely motion for Relief from a Judgment of Order under Federal Rule of Civil Procedure 60(b). That rule provides:

> (b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>     (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>     (4) the judgment is void;
>     (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>     (6) any other reason that justifies relief.

Nothing in Griffin's motion justifies the granting of relief on the basis of either: mistake, inadvertence, surprise, or excusable neglect (Rule 60(b)(1)); newly discovered evidence (Rule 60(b)(2)); fraud or misrepresentation (Rule 60(b)(3)); that the judgment is void (Rule 60(b)(4)); or that the judgment has been satisfied, reversed, or vacated (Rule 60(b)(5)). Only extraordinary

---

[6] This matter was withdrawn from consideration by the Magistrate Judge. Docket No. 16.

[7] *See* Fed. R. Civ. P. 72.

[8] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).

circumstances justify relief under Rule 60(b)(6).[9]  Rule 60(b) is neither a substitute for appeal,[10] nor a vehicle to rehash arguments that have been made and rejected, which is considered a successive application for relief under § 2254.[11]  Accordingly, Griffin is not entitled to relief from the judgment entered herein under Rule 60.

**Motion at Docket 22**

There is no constitutional right to counsel in federal habeas proceedings.[12]  Appointment of counsel is not required in a habeas corpus proceeding in the absence of an order granting discovery or an evidentiary hearing.[13]  This Court may appoint counsel under the Criminal Justice Act in this case if the court determines that the interests of justice so require.[14]  Because this case has been fully briefed and adjudicated on the merits, and the Court determined that no Certificate of Appealability should be granted, this Court does not so determine.

---

[9] *See Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment.").

[10] *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

[11] *See Gonzalez*, 545 U.S. at 530-34.

[12] *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991).

[13] *See* Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 6(a), 8(c) (2012).

[14] 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B); *see Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.").

**IT IS HEREBY ORDERED THAT** the "Objection to Magistrates Report and Recommendations," filed at Docket No. 21, treated as a motion for relief from a final judgment under Federal Rule of Civil Procedure 60, is **DENIED**.

**IT IS FURTHER ORDERED THAT** the motion to appoint counsel at Docket No. 22 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[15]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[16]

Dated:  January 4, 2013.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[15] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 325, 327 (2003))).

[16] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.